1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF WASHINGTON
9                              AT TACOMA

10   SHERI J. TIPPIN,

11                      Plaintiff,                    CASE NO. 15-cv-05514-JRC

12          v.                                        ORDER ON PLAINTIFF'S
                                                      COMPLAINT
13   CAROLYN W. COLVIN, Acting
14   Commissioner of the Social Security
     Administration,
15                      Defendant.

16

17          This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and

18   Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S.

19   Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States

20   Magistrate Judge, Dkt. 6). This matter has been fully briefed (*see* Dkt. 11, 18, 19).

21          After considering and reviewing the record, the Court concludes that the ALJ

22   erred by failing to discuss significant probative evidence. The observations and opinions

23

24

from an other medical source that the ALJ failed to discuss directly contradict the finding relied on by the ALJ for his rejection of the opinion of an examining doctor.

Therefore, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

## BACKGROUND

Plaintiff, SHERRI J. TIPPN, was born in November, 1962 and was 49 years old on the amended alleged date of disability onset of November 1, 2012 (*see* AR. 23). Plaintiff has two associates degrees (*see* AR. 45). Plaintiff has past relevant work as a stock control clerk, receptionist, and clerk (AR. 23).

According to the ALJ, plaintiff has at least the severe impairments of "anxiety (mostly around math) with depressive/dysthymic disorder; cognitive disorder/math learning disorder/processing disorder; obesity; headache/sinusitis; left heel spur; degenerative disc disease of the lumbar spine; cervical spine degenerative disc disease/strain; and carpal tunnel syndrome (20 C.F.R. 404.1520 (c) and 416.920 (c))" (AR. 12).

At the time of the hearing, plaintiff was living with her mother (AR. 42).

## PROCEDURAL HISTORY

Plaintiff's application for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act was denied initially and following reconsideration (*see* AR. 9). Plaintiff's requested hearing was held before Administrative Law Judge Michael Gilbert ("the ALJ") on June 5, 2013 (*see* AR. 33-91).

On December 10, 2013 the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 6-32).

In plaintiff's Opening Brief, plaintiff raises the following issues:   (1) whether or not the ALJ properly evaluated the medical evidence; (2) whether or not the ALJ properly evaluated plaintiff's testimony; (3) whether or not the ALJ properly evaluated the lay evidence; (4) whether or not the ALJ properly assessed plaintiff's residual functional capacity ("RFC"); and (5) whether or not the ALJ erred by basing his step five findings on a RFC assessment that did not include all of plaintiff's limitations, and by failing to find that plaintiff is disabled pursuant to Medical-Vocational Rule 201.14 (*see* Dkt. 11, p. 2).

<u>STANDARD OF REVIEW</u>

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

<u>DISCUSSION</u>

1. **Whether or not the ALJ properly evaluated the medical evidence**.

Plaintiff contends the ALJ erred by failing to discuss clinical findings that are significant probative evidence (*see* Dkt. 11, p. 9; *see also* Dkt. 19, pp. 6-7). Defendant contends there is no error.

1    The ALJ must explain why his own interpretations, rather than those of the

2    doctors, are correct. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Embrey*

3    *v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). But, the Commissioner "may not reject

4    'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562,

5    570-71 (9th Cir. 1995) (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984)

6    (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written

7    decision must state reasons for disregarding [such] evidence." *Flores, supra*, 49 F.3d at

8    571; *see also Marsh v. Colvin*, 792 F.3d 1170, 1172-73 (9th Cir. 2015) (*citing Garrison*

9    *v. Colvin,* 759 F.3d 995, 1012 (9th Cir. 2014)).

10   Most of the evidence cited by the ALJ, including medical opinions given

11   "significant weight," is dated prior to plaintiff's amended alleged date of disability onset.

12   This is particularly problematic here as the ALJ failed to discuss significant probative

13   evidence dated after plaintiff's alleged date of onset that contradicts the ALJ's findings

14   and rejection of medical opinion evidence.

15   For example, the ALJ only provided one reason for failing to credit fully the

16   opinion of examining doctor, Dr. Robert E Schneider, Ph.D., that plaintiff's "depression

17   would interfere with her ability to succeed at gainful employment" (AR. 22). The ALJ

18   rejected this opinion with the finding that "the evidence of file including the claimant's

19   ability to attend school demonstrates an improvement in her symptoms since his

20   evaluation" (*id.*). There are multiple problems with the ALJ's rejection of this opinion

21   with this finding. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (When an

22   opinion from an examining doctor is contradicted by other medical opinions, the

examining doctor's opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record") (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)); *see also* 20 C.F.R. §§ 404.1527(a)(2) ("Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions").

First, although the ALJ refers to the "ability to attend school," the ALJ failed to explain how plaintiff's ability to attend school for one hour per day demonstrates an improvement in plaintiff's symptoms and contradicts the opinion from Dr. Schneider that plaintiff's depression would interfere with her ability to succeed at gainful employment (*see* AR. 48 (plaintiff testified that she only is taking math, "Monday through Friday, 9 AM to 10 AM")). The ability to attend school for one hour per day does not demonstrate an ability to succeed at full-time gainful employment.

In addition, as noted by plaintiff, the ALJ failed to explain why he disregarded the fact that plaintiff was dropped from her scholastic program due to poor grades (*see* AR. 45-46, 49-50). Although plaintiff previously had attended classes for four hours a day from the fall of 2012 through March 2013, this still does not demonstrate an inconsistency with the opinion from Dr. Schneider that plaintiff's depression would interfere with her ability to succeed at full-time gainful employment, and also, plaintiff's success in this coursework was short-lived as she was dis-enrolled in March 2013 (*see* AR. 50 (plaintiff's "overall GPA was too low and they dis-enrolled [her]")). Attending

1  school for four hours a day does not contradict Dr. Schneider's opinion that depression

2  would interfere with her ability to succeed at a full time job, which generally requires

3  attendance at work for eight hours a day.

4      The record suggests that plaintiff's short-lived success at school was analogous to

5  an unsuccessful work attempt. Evidence in the record suggests that the demands of

6  attending school four hours a day exasperated plaintiff's psychological symptoms. On

7  October 23, 2012, after only a short time attending classes for four hours a day, ARNP

8  Henry reported that plaintiff's "anxiety is aggravated by school, [i]nterventions the

9  patient has tried have not provided any relief" (AR. 685). Similarly, on March 19, 2013,

10  plaintiff complained of "worsening depression with excessive sleeping due to stress at

11  school" (AR. 705). The ALJ did not reconcile this evidence with his contradictory

12  finding that her attendance at school demonstrates improvement in her symptoms.

13  According to the Ninth Circuit Court of Appeals, "[i]t does not follow from the fact that a

14  claimant tried to work for a short period of time and, because of h[er] impairments,

15  *failed*, that [s]he did not then experience [symptoms] and limitations severe enough to

16  preclude h[er] from *maintaining* substantial gainful employment." *Lingenfelter v. Astrue*,

17  504 F.3d 1028, 1038 (9th Cir. 2007) (emphases in original). In fact, such evidence in

18  some circumstances may support allegations of disabling symptoms. *See id.* (*citing Fair*

19  *v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989)).

20      Furthermore, perhaps more importantly, significant probative evidence from

21  shortly before and from after plaintiff's alleged date of disability onset in the form of

22  observations and opinions regarding plaintiff's mental functioning also contradict the

finding by the ALJ that plaintiff's symptoms improved after the evaluation of Dr.

Schneider. As noted by plaintiff, on October 23, 2012, Ms. Kathleen Henry, ARNP,

observed that plaintiff was anxious and tearful, and showed poor self-esteem as well as

chronic negative self talk (Dkt. 11, p. 6 (*citing* AR. 667-68)). ARNP Henry observed that

plaintiff was "positive for anhedonia, [was] agitated, [was] anxious," was fearful, and did

"not demonstrate the appropriate mood or affect" (AR. 668). ARNP Henry assessed that

plaintiff was suffering from anxiety with depression, dysthymic disorder, which was

"worse" (*id*.). None of these observations, nor ARNP Henry's opinion that plaintiff's

mental impairment was worse, were discussed by the ALJ. ARNP Henry's assessment

that plaintiff's mental impairment was worse directly contradicts the finding by the ALJ

that plaintiff's symptoms improved sufficiently subsequent to Dr. Schneider's opinion to

support a rejection of his opinion regarding the functional limitations resulting from

plaintiff's depression (*see id.*). In the context of the ALJ's rejection of the opinion of an

examining doctor regarding plaintiff's specific work-related functional limitations, this

contradictory information is significant probative evidence that the ALJ erred by failing

to discuss. *See Flores, supra*, 49 F.3d at 571.

Similarly, on February 6, 2013, ARNP Henry observed that plaintiff's "overall

appearance [was] depressed" (AR. 700). She also observed that plaintiff had a labile

affect (*id*.). ARNP Henry indicated that plaintiff was positive for anhedonia, was agitated

and anxious, and did "not demonstrate the appropriate mood or affect" (*id.*). Again,

ARNP Henry opined that plaintiff's mental impairment was "worse" (AR. 701). And,

again, the ALJ failed to discuss this significant probative evidence which directly

contradicts the ALJ's finding that plaintiff's symptoms improved after Dr. Schneider's opinion.

Finally, on March 19, 2013, ARNP Henry observed that plaintiff presented with depressed mood (AR. 706). She observed that plaintiff had a labile affect, was positive for anhedonia, was agitated and anxious, and did "not demonstrate the appropriate mood or affect" (AR. 706-07). She again opined that plaintiff's mental impairment was worse, and increased plaintiff's prescription for paroxetine (AR. 707). The ALJ failed to explain why he rejected this evidence, which contradicts his finding that plaintiff's symptoms improved after the evaluation from Dr. Schneider (*see* AR. 22).

Although defendant contends that the ALJ discussed some observations from ARNP Henry, defendant does not acknowledge that the ALJ failed to discuss these last two sets of observations noted above from ARNP Henry which took place following plaintiff's alleged date of disability onset and that the ALJ did not discuss the October 25, 2012 observations noted above from ARNP Henry which occurred just prior to plaintiff's alleged date of disability onset. As these observations and opinions directly contradict the only rationale provided by the ALJ for his failure to credit fully the opinion of an examining doctor regarding plaintiff's limitations resulting from her mental impairments, the ALJ needs to "state reasons for disregarding [such] evidence." *Flores, supra*, 49 F.3d at 571. The Court also concludes that this error is not harmless.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1054 (9th

Cir. 2006) (collecting cases)). Recently the Ninth Circuit reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. July 10, 2015) (*citing Stout,* 454 F.3d at 1055-56). In *Marsh,* even though "the district court gave persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.* (*citing* 20 C.F.R. § 404.1527(d)(1)-(3)).

Here, had the ALJ credited the opinion from ARNP Henry that plaintiff's mental impairment of anxiety with depression, dysthymic disorder was worse subsequent to the opinion of Dr. Schneider, the ALJ would not have rejected the opinion of Dr. Schneider on the basis that her symptoms improved after Dr. Schneider provided his opinion. As this was the only finding supporting the ALJ's rejection of the opinion of Dr. Schneider, it is likely that with consideration of this contradictory evidence, the ALJ would have credited in full the opinion of Dr. Schneider that plaintiff's "depression would interfere with her ability to succeed gainful employment" (AR. 22). A reasonable ALJ "when fully crediting [this opinion from Dr. Schneider] could have reached a different disability determination.'" *See Marsh*, *supra,* 792 F.3d at 1173. Therefore, the error is not harmless.

However, because the ALJ failed to discuss this evidence, the proper resolution is to remand this matter for further administrative proceedings, which may serve a useful purpose. It is for the ALJ in the first instance to evaluate this evidence and determine the effect on plaintiff's ability to perform work. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (citations omitted) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose).

2. **Whether or not the ALJ properly evaluated plaintiff's credibility and the lay evidence**.

The Court already has concluded that the ALJ erred in reviewing the medical evidence and that this matter should be reversed and remanded for further consideration, *see supra*, section 1. In addition, a determination of a claimant's credibility relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c). Therefore, plaintiff's credibility should be assessed anew following remand of this matter. Similarly, the lay evidence should be evaluated anew following remand of this matter

3. **Whether or not the ALJ properly assessed plaintiff's residual functional capacity ("RFC") and whether or not the ALJ properly based his step five finding on a proper RFC**.

Because the medical evidence needs to be evaluated anew following remand of this matter, the ALJ will have to reassess plaintiff's RFC and the remaining steps of the sequential disability evaluation process.

//

//

//

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

<u>CONCLUSION</u>

Based on the stated reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 24th day of May, 2016.

J. Richard Creatura
United States Magistrate Judge